976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Porfirio VALENCIA, Defendant-Appellant.
 No. 90-10044.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1992.*
Decided Sept. 25, 1992.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Porfirio Valencia appeals his conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846. Valencia challenges his conviction on the grounds that the government's failure to disclose material exculpatory evidence impeaching a government informant violated his Fifth Amendment right to due process and his Sixth Amendment right to confront and cross-examine witnesses. We affirm the conviction.
 
 
 3
 Valencia's involvement in this offense began with his initial contact with long-time government informant Juan Lira. At Lira's request, Valencia sought out cocaine, and eventually attempted to sell one kilogram of cocaine to Lira, who was accompanied by a government agent. Valencia was arrested at this meeting. At trial, Valencia did not contest his role in the cocaine sale, but alleged that he was entrapped. In a post-trial motion for a new trial, Valencia argued that his defense was unconstitutionally hindered by the government's failure to disclose evidence of Lira's past dealings as an informant. The district court rejected Valencia's claims. Valencia raises these arguments anew before this court.
 
 
 4
 We review claims of outrageous government conduct de novo. United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991); United States v. Spillone, 879 F.2d 514, 520 (9th Cir.1989). Valencia's claims on appeal suffer for much the same reason they failed before the district court: they are unsupported by evidence.
 
 
 5
 Valencia first claims that the government failed to provide evidence that in previous cases in which Lira testified defendants were acquitted on the basis of entrapment. As the district court pointed out, however, it is highly unlikely that this evidence would have been admissible. More important, other than the assertions of Valencia's counsel there is no evidence that such acquittals actually took place.
 
 
 6
 Valencia next claims that the government failed to inform him that Lira "sometimes told people he was a government agent to induce them to locate narcotics." Blue at 18. Again, the record contains no evidence that Lira ever made such representations.[1] Valencia also claims that the government withheld evidence that Lira had offered a $2,000 finder's fee for cocaine. However, the record does not indicate that Lira offered such a fee, but instead indicates that Lira once testified that he knew somebody who had been paid $2,000 to deliver cocaine. Supplemental Excerpt of Record (SER) at 77.
 
 
 7
 Valencia's final claim is that Lira frequently failed to report narcotics purchases and smuggling to his supervising agent. While this claim is supported by the evidence, the district court found that Valencia's counsel had evidence of Lira's lies and was able to impeach him on this point. SER 142. We agree with the district court that any additional evidence would have been cumulative, and there is certainly no support for the claim that its availability would have created a reasonable probability of a different result.
 
 
 8
 In sum, Valencia's claim of government misconduct fails because far from establishing that the government intentionally hid any material evidence about its informant from him, he has failed to even establish the existence of such material exculpatory evidence. Accordingly, Valencia has failed to establish a violation of either his right to Due Process or his right to effective cross-examination.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Counsel for appellant made much of this argument in his post-trial hearing below, before ultimately admitting that he had little evidence to support it. SER at 132-133. This court is frankly surprised at his willingness to renew it on appeal